UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY L. BROOKS,

        Petitioner,                      Case No. 1:16-cv-185

v.                                           Honorable Paul L. Maloney

SHAWN BREWER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.   Factual allegations

Petitioner Randy L. Brooks presently is incarcerated at the Parnall Correctional Facility. Petitioner pleaded nolo contendere in the Wexford County Circuit Court to one count of altering, forging or falsifying a vehicle title, registration or plate, MICH. COMP. LAWS § 257.257, and two counts of larceny by conversion, MICH. COMP. LAWS § 750.362a(3)(a). He was sentenced on August 30, 2013 as a third felony offender, MICH. COMP. LAWS § 769.11, to three prison terms of 30 months to 10 years.

Petitioner claims that he had three attorneyes during the plea and sentencing phases of the case. Before sentencing, Petitioner moved to withdraw his plea, contending that he was not aware of the substance of several witness statements provided to the prosecutor before the plea, despite several attempts to obtain the statements; that his attorney was ineffective in failing to obtain and review the transcripts before pushing Petitioner to enter his no-contest plea; that he was actually innocent of the offense; that he misunderstood the plea advice; and that his attorney failed to communicate with him or formulate a defense. The trial court denied the motion. Petitioner filed a motion for reconsideration, arguing that counsel had not only been ineffective, but Petitioner himself had been incompetent to plead, due to his reduced mental capacity caused by a traumatic brain injury, his ingestion of psychotropic medications, and his prior consumption of alcohol. The motion for reconsideration was denied on May 9, 2014.

Petitioner, through counsel, filed an application for leave to appeal, in which he argued that the court had erred in denying the motion to withdraw the no-contest plea, because Petitioner claimed actual innocence and had misunderstood the plea advice he was given, and because counsel had rendered

ineffective assistance. Petitioner attempted to file a supplemental pro per brief on appeal, but he entitled it a "Supplemental Application for Leave to Appeal," which was rejected as an improper filing. The court denied the delayed application for leave to appeal on July 25, 2014. (PageID.17.) Petitioner sought reconsideration, asking that his previously rejected supplemental brief on appeal be considered by the court. In an order issued on September 8, 2014, the court of appeals granted the request to consider the supplemental brief, but denied reconsideration of the July 25, 2014 order denying leave to appeal. (PageID.18.)

In his supplemental brief on appeal, Petitioner raised the following ten issues: (1) the court erred in denying the motion to set aside the plea because Plaintiff had presented uncontroverted testimony about his reduced mental capacity; (2) the court erred in denying the motion to reconsider the denial of the motion to set aside the plea because Plaintiff was deprived of the effective assistance of counsel; (3) the court erred by allowing arguments to be heard on the prosecutor's motion to consolidate Petitioner's case with those of the alleged co-conspiractors, despite the fact that neither Petitioner nor his attorney were present; (4) the court abused its discretion by raising sua sponte the possibility of prejudice to the prosecutor during the hearing on Petitioner's motion to withdraw the plea; (5) the court abused its discretion by initiating an argument on behalf of the prosecutor; (6) the court conspired with the prosecutor to use the sentencing disposition of the Petitioner's co-defendant wife and son to determine whether Plaintiff could withdraw his plea, despite Petitioner's reduced mental capacity; (7) prosecutorial misconduct in charging Petitioner as a principal in a car-dealing scheme, despite his lack of ownership of or authority over the business; (8) the court erred in denying the motion to correct the scoring of Offense Variable (OV)14; (9) the prosecutor conspired with the state police and regulators to threaten that, if any witness helped

Petitioner, he or she should be prosecuted; (10) Petitioner's three trial-level attorneys provided ineffective assistance of counsel in failing to be present at a critical stage of the proceedings, failing to investigate, failing to advise Petitioner of evidence of his innocence, and failing to request a competency hearing.

Petitioner sought leave to appeal to the Michigan Supreme Court. Petitioner states that he raised the following claims: (1) actual innocence; (2) the denial of the motion to withdraw the plea deprived him of due process, equal protection and other rights under the Michigan and United States Constitutions. Because of the organization of Plaintiff's petition and attachments, it is not entirely clear how many of the claims he raised in the court of appeals were reasserted in the supreme court. The supreme court denied leave to appeal on November 25, 2014.

The instant habeas petition was filed on or about February 15, 2016.[1] Petitioner raises the following claims on habeas review: (1) ineffective assistance of his second trial-level attorney in failing to obtain documents and giving misadvice to enter the plea; (2) actual innocence; (3) ineffective assistance of Petitioner's first trial attorney for advising Petitioner to waive his preliminary examination, failing to obtain police reports, and failing to be present at two hearings on the prosecutor's motion to consolidate the trials; (4) sentencing based on inaccurate information; and (5) ineffective assistance of both appellate attorneys. At the same time Petitioner filed his habeas action, he also filed a motion for relief from judgment in the Wexford County Circuit Court, presenting his claims of ineffective assistance of appellate counsel and all

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 15, 2016, and it was received by the Court on February 19, 2016. Thus, it must have been handed to prison officials for mailing at some time between February 15 and 19, 2016. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

issues raised in his attorney's brief on appeal and in his own pro per supplemental brief on appeal. The motion for relief from judgment has not yet been decided, much less appealed.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Because of the varying ways that he has described his issues to the different courts, it is

not apparent precisely which issues were exhausted at all levels of the state appellate courts, and whether each of Petitioner's claims, even if presented to the state courts, was properly raised as a federal issue. It appears, however, that at least some of his claims have been exhausted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Under Michigan law effective August 1, 1995, Petitioner is entitled to file one motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Petitioner filed his one allotted motion at the same time he filed his federal habeas petition, but he has not yet received a decision on that motion. If his motion is denied by the circuit court, Petitioner must also appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66. He therefore continues to have available state court remedies for reviewing his unexhausted claims.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held

that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on November 25, 2014. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on February 24, 2015. Accordingly, absent tolling, Petitioner had one year, or until February 25, 2016, in which to file his habeas petition. Petitioner filed the instant petition on February 15, 2016, ten days before expiration of the limitations period, thereby tolling the statute of limitations.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to

mandatory period of equitable tolling under *Palmer*).[2] In the instant case, although Petitioner already has filed his motion for relief from judgment, he would not have the necessary 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

      An Order consistent with this Opinion will be entered.


Dated:  March 8, 2016                /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge